BRENDAN V. MONAHAN (WSBA #22315)
SEAN A. RUSSEL (WSBA #34915)
STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. Naches Avenue
Yakima, WA  98901-2757
Phone:  509-853-3000
Facsimile:  509-895-0060

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRICE KANE, LLC; PRICE PASCO, LLC; PRICE PROPERTIES, LLC; PC ORCHARDS, LLC; BM PARKER HEIGHTS, LLC; BM MAPLELEAF, LLC; BM MAYDAY, LLC; and BM GAP, LLC;<br><br>    Plaintiffs,<br>  v.<br><br>THE FARM SERVICE AGENCY of the UNITED STATES DEPARTMENT OF AGRICULTURE; THE UNITED STATES DEPARTMENT OF AGRICULTURE; and THOMAS J. VILSACK, in his capacity as Secretary of the United States Department of Agriculture;<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES |

Plaintiffs Price Kane, LLC; Price Pasco, LLC; Price Properties, LLC; PC Orchards, LLC; BM Parker Heights, LLC; BM Mapleleaf, LLC; BM Mayday, LLC; and BM Gap, LLC ("Plaintiffs"), by its undersigned counsel, hereby complains against Defendants, The Farm Service Agency of the United States Department of

COMPLAINT FOR DAMAGES - 1
046453.010 \ 103194769v2

Agriculture; The United States Department of Agriculture; and Tom Vilsack ("Defendants"), as follows:

## COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

COME NOW the Plaintiffs, Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, PC Orchards, LLC, BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC, ("Plaintiffs") by and through the undersigned Counsel and for their Complaint for Judicial Review, Declaratory Relief, and Injunctive Relief do state as follows:

## I.     INTRODUCTION

1.      The Plaintiffs bring this action for Judicial Review, Declaratory Relief, and Injunctive Relief, pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 551, *et seq* along with 7 U.S.C. § 6999, which provides for Judicial Review of all final determinations of the National Appeals Division of the United States Department of Agriculture.

2.      The Defendants, Farm Service Agency, United States Department of Agriculture and Tom Vilsack, ("Defendants") have issued administrative determinations adverse to the Plaintiffs.  These adverse administrative determinations are common to all Plaintiffs as they are based on the Defendants erroneous and arbitrary application of program payment "attribution" regulations. Plaintiffs now seek Judicial Review of the Defendants' administrative

determinations that they were ineligible to receive certain payments available under the Coronavirus Food Assistance Program (CFAP-1 and CFAP-2) (hereinafter "CFAP"). The Defendants' administrative actions adverse to the Plaintiffs were based on erroneous factual findings as well arbitrary and capricious decision-making.

3. All of the Plaintiffs contest the Defendants' decision-making as to their eligibility to receive certain CFAP payments. Plaintiffs BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC, will argue to this Court that the Defendants' decision as to the amount of CFAP payments owed these entities were based on the erroneous attribution of Coronavirus Food Assistance Program (CFAP) payments to BM Administrative Services, Inc. and BM Land Co., LLC. This erroneous attribution was based on the incorrect Agency determination that these entities were second level "entities," as defined by USDA regulations. Plaintiffs Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and PC Orchards, LLC, were completely denied CFAP payments based on the Defendants arbitrary and erroneous application of the "attribution" regulations. Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and PC Orchards, LLC, specifically contest the Defendants' finding that ownership in these Plaintiffs did not vest in individuals at the "fourth level" of ownership.

COMPLAINT FOR DAMAGES - 3
046453.010 \ 103194769v2

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

4.     The aforementioned determinations of the United States Department of Agriculture have resulted in the denial of CFAP payments to the Plaintiffs.

5.     The Plaintiffs ask for a declaratory ruling by this Court that Defendants erred in finding that the Plaintiffs were not eligible to receive CFAP payments.  The Plaintiffs request a judgment that the adverse determinations were in error, arbitrary, and capricious.  The Plaintiffs further request that the Court enter a Judgment that Plaintiffs were eligible to receive CFAP payments in 2020 and that the Court Order USDA to make these payments to the Plaintiffs.

6.     The Plaintiffs request that this Court enjoin Tom Vilsack, Secretary of the United States Department of Agriculture, from withholding the payment of any CFAP benefits from the Plaintiffs for the year 2020.

## II.    JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter of this action pursuant to 7 U.S.C. § 6999 (Judicial Review of the USDA National Appeals Division); 28 U.S.C. § 1331 (Federal Question); § 2201 (Authorizing Declaratory Relief); § 2202 (Authorizing Injunctive Relief); and 5 U.S.C. § 702 (Providing for Judicial Review of Agency Action under the Administrative Procedure Act).

8.     The Administrative Procedure Act provides a right to judicial review to one suffering legal wrong because of agency action.  Final determinations of the United States Department of Agriculture's National Appeals Division are

COMPLAINT FOR DAMAGES - 4
046453.010 \ 103194769v2

1    reviewable by any United States District Court of Competent Jurisdiction in

2    accordance with Chapter 7 of Title 5. 7 U.S.C. § 6999.

3        9.    Venue in this Judicial District is proper under 28 U.S.C. §1391(b)(2),

4    because a substantial part of the events or omissions giving rise to the claim occurred

5    in this Judicial District as well as under 5 U.S.C. § 703.

6    **III.    <u>PARTIES</u>**

7        10.    Plaintiffs are Washington limited liability companies which operate

8    farming operations.

9        11.    The Defendant, United States Department of Agriculture, through its

10    Farm Service Agency (FSA), is responsible for the administration of the CFAP

11    benefits which are the subject of this Action.

12        12.    The Defendant, United States Department of Agriculture, manages the

13    Farm Service Agency, the agency with primary responsibility for the administration

14    of Federal Farm Programs including the CFAP payments which is at issue in this

15    litigation.

16        13.    The Defendant, Tom Vilsack, is the Secretary of the USDA, and

17    oversees the USDA's administration of Federal Farm Programs.  He is sued in his

18    official capacity only.

19

20

21

COMPLAINT FOR DAMAGES - 5
046453.010 \ 103194769v2

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

## IV.   **FACTUAL BACKGROUND**

### A.   **Overview**

14.    This case comes before the Court on appeal from final determinations by the National Appeals Division of the United States Department of Agriculture (USDA) where USDA held the 2020 Coronavirus Food Assistance Program (CFAP) benefits (payments) were properly denied the Plaintiffs.  The Plaintiffs contend that such determinations of USDA were erroneous, arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law and should therefore be overturned by this Court in accordance with the Standards of Judicial Review set forth in the applicable statutes and the Administrative Procedure Act.

15.    The Defendants implemented the Coronavirus Food Assistance Program (CFAP) to assist eligible producers of commodities, including specialty crops, that were significantly impacted by the Coronavirus (COVID-19) pandemic. See 7 C.F.R. § 9.1.  This program provided for payments which were intended to help offset market price declines and increased marketing costs resulting from the COVID-19 pandemic.

16.    The present controversy is a dispute between eight limited liability companies and the Defendants which concerns the Defendants' refusal to provide certain CFAP benefits to these Plaintiffs.  The Defendants denied Plaintiffs' CFAP

COMPLAINT FOR DAMAGES - 6
046453.010 \ 103194769v2

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

1    benefits based on an erroneous application of the attribution of payment rules at 7

2    C.F.R. § 1400.105.

3        17.    Plaintiffs' CFAP benefits were denied on two bases.  First, Plaintiffs

4    Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and  PC Orchards, LLC,

5    were denied CFAP payments on the basis that ownership in these entities were held

6    by "other legal entities" at the fourth "ownership level."  Second, Plaintiffs BM

7    Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC,

8    were denied CFAP benefits due to the Defendants' improper categorization of two

9    separate entities  (BM Land Co., LLC, and BM Administrative Services, Inc.) as

10   "legal entities."  This incorrect attribution of  program payments to BM Land Co.,

11   LLC, and BM Administrative Services, Inc. resulted in the denial of CFAP Benefits

12   to BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap,

13   LLC.

14       18.    In regard to Plaintiffs Price Kane, LLC, Price Pasco, LLC, Price

15   Properties, LLC, and  PC Orchards, LLC, the primary issue in this case is whether

16   ownership of the Plaintiffs is held by "persons" at or before the fourth level of

17   ownership, as Defendants have construed their regulations to bar payment to entities

18   where ownership does not vest in "persons," prior to the fourth level of ownership.

19   At issue in the present controversy are questions of whether the Defendants properly

20

21

STOKES LAWRENCE
VELIKANJE MOORE & SHORE
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

interpreted and applied the rules and regulations guiding the CFAP Program as well as whether the Defendants erred in their underlying factual determinations.

19.    In regard to Plaintiffs BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC, the primary issue is whether the Defendants should have attributed payments to BM Administrative Services, Inc. and BM Land Co., LLC.  The Appellants argue that the Agency erred in treating BM Land Co., LLC, and BM Administrative Services, Inc as "legal entities" for payment attribution purposes.  These entities are, in fact, pass through organizations which do not qualify for "legal entity" status under the applicable regulations.  Again, this Court is faced with questions of whether the Defendants properly interpreted and applied the rules and regulations guiding the CFAP Program as well as whether the Defendants erred in their underlying factual determinations.

**B.    Facts Relating to Plaintiffs Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and  PC Orchards, LLC.**

20.    These Plaintiffs are all Washington limited liability companies which operate apple, pear, and cherry farming operations.  The FSA has determined that all of the Appellants are "actively engaged in farming"  and generally eligible for farm program payments and CFAP benefits.

21.    The membership units in Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and PC Orchards, LLC are held by a legal entity- Price Cold Storage & Packing Company, LLC, a Washington LLC (99.99%), and an individual-

COMPLAINT FOR DAMAGES - 8
046453.010 \ 103194769v2

Robert Price (0.01%). Price Cold Storage Holdings, LLC, is another Washington limited liability company and the sole member of Price Cold Storage & Packing Company, LLC. Price Cold Storage Holdings, LLC, owns no land, agricultural commodities, products, or livestock. Price Cold Storage Holdings, LLC, similarly produces no agricultural commodities, products, or livestock. Price Cold Storage Holdings, LLC, is owned by the 2012 Price Descendants Irrevocable Trust and Robert Price. The individual beneficiaries of the 2012 Price Descendants Irrevocable Trust are Jamie Price and Tyler Price.

22.    In 2020, Plaintiffs each filed a 2020 CFAP Application. Plaintiffs filed all other relevant paperwork to participate in the program, including a Form CCC-902 "Farm Operating Plan" for program year 2020 and a Form CCC-901 "Member's Information" showing their ownership structure.

23.    In 2020, employees of the Defendant Farm Service Agency notified Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and PC Orchards, LLC that CFAP payments owed to these Plaintiffs were reduced to "zero" based upon the conclusion that ownership of the Plaintiffs did not vest in an eligible individual person by the fourth level of ownership. Plaintiffs argue that this factual conclusion was erroneous and arbitrary.

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

24.    Per the applicable regulation governing "attribution of payments," attribution of payments made to legal entities "will be tracked through four levels of ownership in legal entities." See **7** C.F.R. § 1400.105.

25.    Ownership in Plaintiffs Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and PC Orchards, LLC, vests in eligible 'persons' by the fourth level of ownership.  One hundred percent (100%) of ownership in these Plaintiffs vests in individuals- Robert Price, Jamie Price, and Tyler Price, by the fourth level of ownership.  Individuals Robert Price, Jamie Price, and Tyler Price are the fourth "level of ownership" in these Plaintiffs.

26.    The Defendants have incorrectly identified the Plaintiff entities themselves as a "level of ownership."  The first "level of ownership" is not a Plaintiff entity.  Instead, the first level of ownership in each of these Plaintiffs would be Price Cold Storage Packing Co., LLC, and Robert Price.  The fourth "level of ownership" is held in Jamie, Tyler, and Robert Price.  Ownership vests in individuals by the "fourth level," and, for this reason, the underlying administrative determination should be reversed by this Court.   The Plaintiff payment entities are not a "level of ownership."

27.    Even if the Defendants correctly determined that the Plaintiffs should be considered a "level of ownership" for payment attribution purposes, reversal of the administrative determination below is appropriate as the Agency has similarly

COMPLAINT FOR DAMAGES - 10
046453.010 \ 103194769v2

erred in finding that Price Cold Storage Holdings, LLC, may be considered a third "level of ownership in a legal entity" to which program payments should be attributed.  See 7 C.F.R. § 1400.503.

28.     The Defendants have erroneously determined that Price Cold Storage Holdings, LLC, is a third-level "legal entity," as defined by the applicable Federal Regulations.  Plaintiffs' position relies on the plainly stated definition of "legal entity."  Per the applicable regulation, Legal entity "means an entity created under Federal or State law **and** that: (1) Owns land or an agricultural commodity, product, or livestock; or (2) Produces an agricultural commodity, product, or livestock.  7 C.F.R. § 1400.3.

29.     Price Cold Storage Holdings, LLC, is not a "legal entity" as it does not own any land, crops, or livestock, but is, instead, purely a pass-through entity set up for corporate governance.  Price Cold Storage Holdings, LLC, cannot be determined to be a third level of ownership in a "legal entity" because it is not a "legal entity," as defined in the applicable regulations.

30.     All Plaintiffs timely submitted an appeal to the USDA National Appeals Division and exhausted all available administrative remedies prior to filing this Complaint.  On April 4, 2022, the Director issued a Director Review Determination upholding the adverse determinations by the Farm Service Agency.

COMPLAINT FOR DAMAGES - 11
046453.010 \ 103194769v2

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

### C.   Facts Relating to BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC.

31.     Plaintiffs BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday LLC, and BM Gap, LLC, are all Washington limited liability companies which operate apple, pear, and cherry farming operations.  The FSA has determined that all of the Appellants are "actively engaged in farming"  and generally eligible for farm program payments and CFAP benefits.

32.     The membership units in each of these Plaintiffs are held by BM Land Co., LLC (99%), and BM Administrative Services, Inc. (1%)  BM Land Co., LLC, and BM Administrative Services, Inc. are both owned by individuals Robert Price and Matthew Haak, along with the 2012 Price Descendants Irrevocable Trust.  The beneficiaries of this Trust are Jamie Price and Tyler Price.  BM Land Co., LLC, and BM Administrative Services, Inc. own no land, agricultural commodities, products, or livestock.  BM Land Co., LLC, and BM Administrative Services, Inc. similarly produce no agricultural commodities, products, or livestock.

33.     In 2020, these Plaintiffs each filed a 2020 CFAP Application.  Plaintiffs filed all other relevant paperwork to participate in the program, including a Form CCC-902 "Farm Operating Plan" for program year 2020 and a Form CCC-901 "Member's Information" showing their ownership structure.

34.     In 2020, employees of the Defendants notified BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC, of its

COMPLAINT FOR DAMAGES - 12
046453.010 \ 103194769v2

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

"attribution" determinations, including payment amounts to be made to these Plaintiffs. These Plaintiffs assert that Defendants erred in the payment amounts due to incorrect "attribution" of payments.

35. Plaintiffs BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday LLC, and BM Gap, LLC, assert that the Agency has improperly categorized BM Land Co., LLC, and BM Administrative Services, Inc., as "legal entities," under the applicable regulations. Both BM Administrative Services, Inc. and BM Land Co., LLC were attributed payments owed to each of these Plaintiffs. Per the applicable regulations, payments should only be attributed to legal entities or individuals. BM Administrative Services, Inc. and BM Land Co., LLC do not qualify as a "legal entity," as defined in the applicable Code of Federal Regulations, and, for this reason, the Plaintiffs' payments should not have been attributed to BM Administrative Services, Inc. and BM Land Co., LLC. This attribution error by the Defendants has resulted in the Plaintiffs receiving less than the proper amount of CFAP payments.

36. All Plaintiffs timely submitted an appeal to the USDA National Appeals Division and exhausted all available administrative remedies prior to filing this Complaint. On April 5, 2022, the Director issued a Director Review Determination upholding the adverse determinations by the Farm Service Agency.

## V.    <u>CLAIMS FOR RELIEF</u>

### A.    Judicial Review under the Administrative Procedure Act

37.    Section 702 of the Administrative Procedure Act (APA) entitles a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, to judicial review of the agency action.  5 U.S.C. § 702.  A final determination of the National Appeals Division is reviewable by any United States District Court of Competent jurisdiction in accordance with Chapter 7 of the APA.  7 U.S.C. § 6999.

38.    Section 706 of the APA authorizes this Court to "set aside agency action, found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

39.    The final decision of the Defendants, as set forth in the Appeal Determination, attached hereto as **Exhibit A** is arbitrary and capricious, constitutes an abuse of discretion, and is otherwise not in accordance with law.

40.    Specifically, Plaintiffs  Price Kane, LLC, Price Pasco, LLC, Price Properties, LLC, and PC Orchards, LLC, assert that the Agency Defendants erred in the determination that (1) ownership interests at the fourth level were held by other legal entities and (2) Price Cold Storage Holdings, LLC, may be considered a third "level of ownership in a legal entity" and a legal entity for purposes of payment attribution. The agency erred in its determination that ownership interests at the

COMPLAINT FOR DAMAGES - 14
046453.010 \ 103194769v2

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

fourth level were held by other legal entities, because the agency incorrectly classified the Plaintiffs as first-tier legal entities for determining attribution of payments, rather than correctly determining that Plaintiffs are producers and program recipients.

41.    Plaintiffs BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC, were damaged by the Defendants incorrect attribution of program payments, and the Defendants' erroneous categorization of BM Land Co., LLC, and BM Administrative Services, Inc., as "legal entities," under the applicable attribution regulations.

42.    No program rules or regulations were violated by these Plaintiffs.  The Defendants' determination that Plaintiffs were ineligible to receive certain CFAP payments in 2020 was, therefore, not based upon a reasonable application of Federal Regulations.  USDA has failed to follow its own regulations in determining Plaintiffs to be ineligible to receive CFAP payments.

43.    The failure of USDA to follow its own regulations and procedures when considering farm program eligibility rules not only constitutes arbitrary decision making but also a violation of Federal Law pursuant to the *Accardi* doctrine.  The "*Accardi* doctrine provides that when an agency fails to follow its own procedures and regulations, that agency's actions are generally invalid." *Nader v. Blair*, 549

COMPLAINT FOR DAMAGES - 15
046453.010 \ 103194769v2

F.3d 953, 962 (4th Cir. 2008) (*citing* United States ex rel. *Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)).

44.    As a result, the determination of USDA that Plaintiffs were not entitled to receive all available CFAP payments in the year 2020, due to an incorrect and arbitrary application of the USDA attribution regulations, should be set aside and USDA should be Ordered to tender the aforementioned payments to the Plaintiffs. Defendants' determination that the Plaintiffs participated in any act in violation of the CFAP regulations is arbitrary, capricious, and contrary to law. *See* 5 U.S.C. § 706(2).

45.    Plaintiffs now seek reversal of the Defendants' adverse CFAP eligibility determinations.    The determinations adverse to Plaintiffs were not consistent with the laws and regulations promulgated by the Agency for determining CFAP eligibility.    The Agency has, in effect, crafted a unique and arbitrary explanation for denying Plaintiffs CFAP payments.    The Agency based its initial determination (and subsequent determinations) on an incorrect application of the laws and regulations related to CFAP eligibility.    The applicable laws and regulations do not specifically address, for the purpose of determining attribution of payments (1) the classification of producers and program-recipients as first-tier legal entities and (2) the classification of a pass-through entity as a "level of ownership."

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

As such, the Agency's determination will be shown to be erroneous, arbitrary, capricious, and unsupported by substantial evidence of record.

**B.    Declaratory Relief**

46.    An actual controversy has arisen and now exists between Plaintiffs and the Defendants concerning their respective rights and duties under the CFAP payments and applicable statutes and regulations.  Plaintiffs contend that it was eligible to receive CFAP payments in 2020.  USDA denies this contention.

47.    The Plaintiffs request a judicial determination of the rights and duties of the Parties relevant to the aforementioned contractual provisions and applicable regulations as well as a declaration from the Court as to the parties rights and duties relative to same.

48.    This case is justiciable because the Defendants' failure to comply with the applicable law regarding CFAP payments is the direct result of final agency action that has caused and will continue to cause immediate and concrete injury to Plaintiffs.  The Plaintiffs are presently and continuously injured by the Adverse Determination by USDA.  A declaratory judgment is necessary and appropriate at this time.

**STOKES LAWRENCE**
**VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

**C.    Injunctive Relief**

49.    Plaintiffs will be irreparably harmed if this Court does not issue an Order enjoining the Defendants from withholding 2020 CFAP payments from the Plaintiffs.  The USDA's current position constitutes a present and continuous injury.

50.    Plaintiffs have no plain, speedy, or adequate remedy at Law.

51.    If not enjoined by this Court, the Defendants will continue to maintain their position in derogation of Plaintiffs' rights.

52.    As a result, Injunctive Relief is appropriate.

**D.    Constitutional Violation (Due Process)**

53.    The adverse administrative action complained of in this case are based primarily on conclusions that are not clearly based on the text of Federal Law or regulation.  An examination of federal law and applicable regulations governing the administration of CFAP payments, show that the Defendants' position is not based on published regulations or program rules.

54.    Plaintiffs had no fair warning as to the Defendants' position on the proper "attribution" of program payments.  The Defendants did not publish such standards.  The lack of notice or "fair warning" of a potential violation of administrative law necessarily implicates Constitutional principles of due process under the Law.

**STOKES LAWRENCE
VELIKANJE MOORE & SHORE**
120 N. NACHES AVENUE
YAKIMA, WASHINGTON 98901-2757
(509) 853-3000

55.    "A fundamental tenet of due process is that to be sanctioned one must have received fair notice that one's allegedly violative conduct was prohibited." *Coffman v. Trickey*, 884 F.2d 1057 (C.A.8 (Mo.), 1989) *See also Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972); *Wright v. Arkansas Activities Association*, 501 F.2d 25, 28-29 (8th Cir.1974).   In the present case, the Defendants have financially punished Plaintiffs, by barring them from receipt of CFAP payments, because of Defendants' incorrect determination that ownership in the Plaintiffs did not vest in individuals at the "fourth level" of ownership.  It simply cannot be overstated that there is no provision under Federal law or applicable regulations that can explain the Defendants' classification of the Plaintiffs as a first-tier level of ownership for payment attribution purposes or Defendants' classification of Price Cold Storage Holdings, LLC BM Land Co., LLC, and BM Administrative Services, Inc. as legal entities.  There is no basis for excluding Plaintiffs from CFAP payments under Federal Law or Federal Regulations.

56.    In the case at hand, the Plaintiffs could not have determined by reviewing the regulations and other public statements of the Agency that the Agency would incorrectly determine ownership in the Plaintiffs did not vest in individuals at the "fourth level" of ownership or that certain entities would be considered "legal entities" or "levels of ownership" for the purposes of attributing CFAP payments.  USDA Rules and Regulations did not provide "fair warning" that the Plaintiffs

would be punished for such conduct, and the application of such an unwritten standard to Plaintiffs by the National Appeals Division violates the Plaintiff's Constitutional Due Process protections.

57.    Defendants have thereby violated Plaintiffs' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.   The Plaintiffs ask this Court to rule the Agency determination that Plaintiffs were ineligible to receive CFAP payments null and void, and without legal effect.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, pray for Judgment as follows:

a) A declaration that the Plaintiffs are eligible to receive CFAP payments for the year 2020;

b) An Order setting aside the adverse determinations of USDA that the Plaintiffs were not eligible to receive all available CFAP payments in 2020;

c) An Order requiring the Defendants to re-calculate the CFAP payments owed to the Plaintiffs;

d) An Order enjoining Defendants from withholding the Plaintiffs' 2020 CFAP payments from the Plaintiffs;

e) An award of attorney's fees, expenses, and costs; and

f) For all such other relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES - 20
046453.010 \ 103194769v2

1    EXECUTED at Yakima, Washington this 1st day of August, 2022.

2                                STOKES LAWRENCE
                                 VELIKANJE MOORE & SHORE

3

4                      By: */s/ Brendan V. Monahan*
                          Brendan V. Monahan (WSBA #22315)
5                         Sean A. Russel (WSBA #34915)
                          120 N. Naches Avenue
6                         Yakima, WA  98901-2757
                          Phone:  509-853-3000
7                         Facsimile:  509-895-0060
                          E-mail:
8                         brendan.monahan@stokeslaw.com
                          Sean.Russel@stokeslaw.com
9                         Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

COMPLAINT FOR DAMAGES - 21
046453.010 \ 103194769v2