UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PRICE KANE, LLC, et al,<br><br>                      Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al,<br><br>                      Defendants. | NO. 1:22-CV-3098-TOR<br><br>ORDER ON DEFENDANTS' CROSS MOTION TO DISMISS AND FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Cross Motion to Dismiss and for Summary Judgment (ECF No. 35). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Cross Motion to Dismiss and for Summary Judgment (ECF No. 35) is **GRANTED IN PART AND DISMISSED IN PART**.

//

ORDER ON CROSS MOTION TO DISMISS AND SUMMARY JUDMENT ~ 1

## BACKGROUND

This complaint arises as an action for Judicial Review of a final determination by the United States Department of Agriculture ("USDA"). ECF No.1. Plaintiffs seek review of USDA's denial of Coronavirus Food Relief Program ("CFAP") benefits, arguing that the decision was arbitrary and capricious, and thus requesting the Court overturn the agency's action. *Id*. at 4.

Plaintiffs are Washington State limited liability companies operating apple, pear, and cherry farming operations. *Id*. at 8. Regarding Plaintiffs Price Kane, LLC, Price Pasco, LLC, and Price Properties, LLC, PC Orchards, LLC, membership in each unit is held together by Price Cold Storage & Packing Company, LLC, at 99.9% and Robert Price at 0.01%. *Id*. at 8–9. Price Cold Storage & Packing Company, LLC, is in turn held by the 2012 Price Descendants Irrevocable Trust at 60.0244% and Robert Price at 39.9756%. ECF No. 35 at 6. The 2012 Price Descendants Irrevocable Trust is divided evenly between two beneficiaries, Jamie Price and Tyler Price. *Id*.

Plaintiffs BM Parker Heights, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC are held by BM Land Company, LLC, at 99% and BM Administrative Services, Inc., at 1%. ECF No. 1 at 12. Both BM Land Company, LLC, and BM Administrative Services, Inc. are Washington State registered business organizations, owned by Matthew Haak at 50%, Robert Price at 30.68%,

ORDER ON CROSS MOTION TO DISMISS AND SUMMARY JUDMENT ~ 2

and the 2012 Price Descendants Irrevocable Trust at 19.32%.  ECF No. 35 at 8.  The 2012 Price Descendants Irrevocable Trust is divided evenly between two beneficiaries, Jamie Price and Tyler Price.  ECF No. 35 at 7.

The CFAP program was created in response to hardship faced by the agricultural growers and producers during the Coronavirus Pandemic.  7 C.F.R. § 9.1(a).  CFAP was funded in part by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, in which Congress empowered the Secretary of Agriculture to use funding in a discretionary manner to assist growers and producers, and in part by Commodity Credit Corporation ("CCC") funding.  85 FR 30825-01.  The program was administered through the Farm Service Agency ("FSA").  7 C.F.R. § 9.1(b).  USDA determined that CARES funding could only be used to compensate for income loss, while CCC funding was to be used for removal or disposal of surplus commodities.  ECF No. 41 at 3.  USDA issued two rounds of funding: CFAP 1 and CFAP 2.  ECF No. 35 at 4.

To receive funding, growers or producers applied to FSA and would be approved if they met certain eligibility requirements, including the legal entity attribution requirement.  7 C.F.R. § 1400.105.  Under CFAP, payments subject to attribution would have been attributed to an individual and legal entities until the attribution was made to an individual, but the chain of attribution would end after the fourth tier of ownership.  7 C.F.R. § 1400.105(c).  USDA defines a "legal

ORDER ON CROSS MOTION TO DISMISS AND SUMMARY JUDMENT ~ 3

1  entity" for attribution purposes as "an entity created under Federal or State law and
2  that: (1) [o]wns land or an agricultural commodity, product, or livestock; or (2)
3  produces and agricultural commodity, product, or livestock."  7 C.F.R. § 1400.3.
4  If the entity at the fourth tier of ownership was considered a "legal entity" all or
5  part of the CFAP benefit would be reduced or denied accordingly.  7 C.F.R.
6  § 1400.105(c)(4).
7      In 2020, Plaintiffs, a set of eight limited liability companies, applied for
8  were initially approved for both CFAP–1 and CFAP–2 relief.  ECF No. 1 at 8, 12.
9  However, after review, FSA determined that Plaintiffs' business structure was in
10 violation of USDA's attribution rule because ownership was held by legal entities,
11 denying Plaintiffs' access to full payments.  *Id*. at 3.
12     Specifically, Plaintiffs Price Kane, LLC, Price Pasco, LLC, and PC
13 Orchards, LL, were denied relief because USDA determined that any "individual"
14 within each level of ownership did not reach the adjusted gross income level
15 requirement, and that each tier of ownership was controlled by a "legal entity."  *Id*.
16 at 9.  USDA ultimately concluded that the fourth level of ownership was not held
17 by an individual, and as a result, Plaintiffs' relief payment was reduced by one
18 hundred percent.  *Id*.
19     Regarding Plaintiffs BM Parker, LLC, BM Mapleleaf, LLC, BM Mayday,
20 LLC, and BM Gap, LLC, USDA determined that Plaintiffs' ownership was held by

ORDER ON CROSS MOTION TO DISMISS AND SUMMARY JUDMENT ~ 4

an individual, Matthew Haak, at third level due to his 50% ownership, and he was paid accordingly. ECF No. 35 at 8. Likewise, the beneficiaries of the Trust were paid their ownership at the fourth level. *Id*. However, Plaintiffs BM Parker, LLC, BM Mapleleaf, LLC, BM Mayday, LLC, and BM Gap, LLC were denied the full payment under CFAP. *Id*.

Plaintiffs first appealed to an Administrative Law Judge and then sought Directors Review. ECF No. 1 at 9, 13. In its appeal of the initial decision and to the Court, Plaintiffs contend that USDA was mistaken in its application of its attribution program. ECF No. 1. Plaintiffs argue that USDA improperly categorized operations as "legal entities," when the entities should have been considered "pass through," and therefore it erred when it found that an individual did not hold the operation at or before the fourth level for all Plaintiffs. ECF No. 1 at 11, 13. Plaintiffs assert that "[o]ne hundred precent of ownership" in Price Kane LLC, Price Pasco, LLC, Price Properties, LLC, and PC Orchards, LLC, vests in Robert Price, Jamie Price, and Tyler Price. ECF No. 1 at 10.

Plaintiffs also contend that they have suffered a Due Process violation for denial of CFAP payments without fair warning or notice. ECF No. 1 at 18. Plaintiffs assert that Defendants have violated their Fifth and Fourteenth Amendment rights by not providing warning for their determination and giving Plaintiffs no mechanism to determine they would be ineligible. *Id*. at 19-20.

ORDER ON CROSS MOTION TO DISMISS AND SUMMARY JUDMENT ~ 5

Defendants have filed a cross motion to dismiss and for summary judgment, asserting that (1) Plaintiffs' claims are moot because CARES funding for the CFAP program no longer exists after Congress rescinded the funding through the Fiscal Responsibility Act, (2) FSA was correct in its interpretation of CFAP regulations, and (3) Plaintiff's Due Process Claim is for denial of benefits is improper.  ECF No. 35 at 13-14, 19.  Plaintiffs contend that their claims are not moot because funding for CFAP is derived from two funding sources, CARES Act funding and CCC funding, and that FSA was arbitrary and capricious in its interpretation of the CFAP regulations.  ECF No. 38 at 2.

## DISCUSSION

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

USDA action denying CFAP funding is reviewed under a 5 U.S.C. § 706 standard of review.  The Administrative Procedure Act ("APA") imposes a deferential standard of review, which is limited to a determination of whether the agency acted in a manner that was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id*.; *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014) (citing 5 U.S.C. § 706(2)(A)).  Under this standard, courts "do not substitute [their] judgment for that of the

ORDER ON CROSS MOTION TO DISMISS AND SUMMARY JUDMENT ~ 6

1  agency.'" *Earth Island Inst. v. U.S. Forest Serv.*, 697 F.3d 1010, 1013 (9th Cir. 2012). Review is limited to the administrative record before the agency decision-maker. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decision making. *Id*. at 744. A decision should only be reversed as arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins*., 463 U.S. 29, 43 (1983).

Based on the record before the Court, USDA has not abused its discretion in denying Plaintiffs CFAP funding. While Plaintiffs maintain that USDA erroneously held that Price Cold Storage Holdings LLC, BM Administrative Service, Inc., and BM Land Company, LLC, qualify as legal entities, the Court finds that USDA in its fact finding reached a logical conclusion, supported by the intention of Congress. 7 C.F.R. § 9.1(a).

Regarding Price Cold Storage Holdings, LLC, the Administrative Law Judge, upheld on Directors' review, determined that the operation "indirectly" owns land/agricultural commodities as the holder of 99% ownership of Plaintiff

1  entities which applied for the CFAP benefits.  ECF No. 31 at 371.  Under CFAP

2  "'producer' refers to a person or legal entity who shares in the risk of producing a

3  crop or livestock and who is entitled to a share in the crop or livestock available for

4  marketing." 85 FR 30825-01.  Further, under the attribution scheme of CFAP,

5  "any payment made to a first-tier legal entity that is owned in whole or in part by

6  another legal entity (referred to as a second-tier legal entity) will be attributed to

7  the second-tier legal entity in proportion to the ownership of the second-tier legal

8  entity in the first-tier legal entity." 7 C.F.R. § 1400.105(c)(2)(ii).  USDA is

9  granted deference in interpreting its own regulations, and 7 C.F.R. § 1400.3 does

10 not define the term "own," and thus their finding will not be overturned unless it is

11 clearly erroneous or inconsistent with the regulation.  *Thomas Jefferson Univ. v.*

12 *Shalala*, 512 U.S. 504, 512 (1994) (citations omitted); *E.E.O.C. v. Com. Off. Prod.*

13 *Co*., 486 U.S. 107, 108 (1988).  Here, as reflected in the record, USDA made a

14 finding that Plaintiffs and Price Cold Storage Holdings, LLC, qualify as legal

15 entities for the purposes of attribution, based on their characteristics as companies

16 and their connection to the agricultural operations.  ECF No. 31 at 413, 415.

17 Additionally, USDA does not support the idea of "pass through" operations in

18 order to skip over attribution.  *Id*. at 415.

19     The Administrative Law Judge made a similar finding for BM

20 Administrative Service, Inc., and BM Land Company, LLC, determining that they

ORDER ON CROSS MOTION TO DISMISS AND SUMMARY JUDMENT ~ 8

are both "legal entities" for the purpose of attribution, and that the USDA does not recognize "pass through" entities to avoid being categorized as legal entities. ECF No. 32 at 422.

The Court does not find the determination by USDA to be arbitrary or capricious. Instead, it finds that it is supported by a developed record and will not second guess an agency's findings outside of a 5 U.S.C. § 706 exception.

Plaintiffs also contend that they have a procedural due process right vested in CFAP funding, and that right was violated by Defendants. ECF No 1. at 19. Plaintiffs allege that they were given no fair warning that their conduct was prohibited, thereby violating the fair notice requirement of procedural due process. *Id*.

However, the Court disagrees with this characterization of the due process rights of the Plaintiffs. The Fourteenth Amendment protects individual's "life, liberty, or property" interest, and the Supreme Court has extended such protection to benefits received from the Executive Branch. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972). Violations of such protection occur when a person entitled to receive a benefit is denied the benefit without proper notice. *Goldberg v. Kelly*, 397 U.S. 254, 267–68 (1970). In order to have a property interest in a benefit "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He

must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges,* 408 U.S. at 577. To be denied an interest and thus seek relief from the Court, Plaintiffs must first qualify for the interest and have a legitimate claim of title to it. *Id.*; *see also Goldberg,* 397 U.S. at 262. Plaintiffs had access to the requirements provided by USDA. Plaintiffs were denied benefits because they did not meet the requirements and were fully heard through the appeals process. This denial of benefits based on USDA's interpretation of its own regulation does not create a due process violation.

In upholding USDA's denial of CFAP benefits, the Court does not reach Defendants' 12(b)(1) motion to dismiss for mootness.

//

//

//

//

//

//

//

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 35) is **GRANTED**.

2. Defendants' Cross Motion to Dismiss (ECF No. 35) is **DENIED as moot**.

3. Having resolved the issues in this case, Plaintiffs' Motion for Judgment on the Pleadings (ECF No. 37) is **DENIED as moot**.

4. All remaining deadlines and hearings are **VACATED**.

5. Each party to bear its own costs and expenses.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to counsel, and **CLOSE** the file.

DATED September 18, 2023.



THOMAS O. RICE
United States District Judge